UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE SAMUEL TURINCIO, | § | |
| No. 591190, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | NO. 3:05-CV-0821-D |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case:  This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

    Parties:  Petitioner Jose Samuel Turincio ("Turincio" or "Petitioner") is confined at the Clements Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") at Amarillo, Texas.  Respondent is the Director of the TDCJ-CID.

    Statement of the Case:  Turincio pled not guilty in cause numbers F90-19376-JK and F90-19456-WK to one count of aggravated kidnapping and one count of aggravated sexual assault of a child under 14 years old, respectively, and waived his right to a jury trial. After a bench trial, the trial court judge found Petitioner guilty and sentenced him to 20 years

imprisonment for the aggravated kidnapping offense and 30 years imprisonment for the aggravated sexual assault of a child offense with the sentences to run concurrently.

Petitioner's appointed appellate counsel filed an *Anders* brief, which stated that an appeal of either conviction would be wholly frivolous and without merit. *See Turincio v. State*, Nos. 05-91-01025-CR and 05-91-01026-CR (Tex. App.-Dallas Aug. 18, 1993). Turincio did not file a *pro se* appeal. Therefore, on August 18, 1993, the Fifth District Court of Appeals affirmed the trial court's judgment. *Turincio v. State*, Nos. 05-91-01025-CR and 05-91-01026-CR (Tex. App.-Dallas Aug. 18, 1993). Turincio did not file a petition for discretionary review.

On January 25, 2005, pursuant to Texas Code of Criminal Procedure article 11.07, Turincio filed two habeas applications challenging the TDCJ-CID's failure to release him from confinement.[1] *Ex parte Turincio*, Appl. No. 25,954-02 at 2; *Ex parte Turincio*, Appl. No. 25,954-03 at 2. Both applications were denied without written order by the Texas Court of Criminal Appeals on March 9, 2005. *Ex parte Turincio*, Appl. No. 25,954-02 at cover; *Ex parte Turincio*, Appl. No. 25,954-03 at cover.

Petitioner filed the instant petition on April 15, 2005,[2] which raises the same claims that he was entitled to immediate release that were raised in his most recent state habeas applications. On November 4, 2005, Respondent filed his answer contending that: (1) Petitioner lacks

---

[1] On November 17, 1993, Petitioner filed a state habeas application challenging aspects of his conviction. *Ex parte Turincio*, Appl. No. 25,954-01 at 1. The Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing on May 4, 1994. *Ex parte Turincio*, Appl. No. 25,954-01 at cover.

[2] Under the "mailbox rule," a prisoner's federal habeas corpus petition is deemed filed when he delivers it to prison officials for mailing to the district court. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). Turincio signed his federal habeas petition on April 15, 2005. It was filed stamped on April 25, 2005. For the purposes of the recommendation, it is assumed that Turincio placed his federal petition in the prison mail system on the date he signed it.

standing, (2) the petition is a second or successive petition, (3) the petition is time-barred, and, in the alternative, that Petitioner's claims are without merit.

Findings and Conclusions:

## I.   Standing

Respondent argues that Turincio's petition should be dismissed because this court does not have jurisdiction over his claim. In the Fifth Circuit, *pro se* habeas petitions are "construed liberally and are not held to the same stringent and rigorous standards as are pleadings filed by lawyers." *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Turincio's complaint, construed liberally, raises a claim that he has a liberty interest in early release because his accrued good conduct time plus his actual time served equals the full term of his concurrent sentences and further alleges that the state has violated a constitutionally protected liberty interest by failing to release him.[3] Since the petition alleges that Turincio had a liberty interest in being released on parole after his calendar time served and his accumulated good conduct credits equaled thirty years, the petition raises a cognizable basis for relief. *See*, *e.g.*, *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 12, 99 S. Ct. 2100, 2106 (1979).

## II.   Statute of Limitations

Review of Turincio's claims is governed by the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") because he filed his § 2254 petition after the effective

---

[3] A Texas prisoner who has not served his full sentence in actual calendar time may be entitled to early release under two forms of continued supervision: parole or mandatory supervision. *See generally* Tex. Code Crim. Proc. Ann. art. 42.18, § 8 (West 1988 & 1990). Petitioner does not specify which form of release he believes he is entitled to.

3

date of the AEDPA.  28 U.S.C § 2241 *et seq.* (1996).   The petition is thus subject to a one year statute of limitations.  § 2244(d)(1).  The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A).

In the alternative, Respondent argues that Petitioner's claim is time-barred because he could have discovered the factual predicate for his claim at the time of sentencing.  The Magistrate Judge disagrees with Respondent's claim that Petitioner knew or should have discovered the basis for his claim at the time he was sentenced.  *See*, *e.g.*, *James v. Walsh*, 308 F.3d 162, 169 (2nd Cir. 2002) ("[Petitioner] could not have argued that he was in custody in violation of the laws of the United States before the time when, *according to his calculations*, he should have been released") (emphasis added).  The Magistrate Judge further notes that in several cases in which Texas prisoners have sought federal habeas relief based on claims that they were entitled to release from custody on previously imposed penitentiary sentences, the federal courts have held that the one year limitations period commenced on the dates which the prisoners claimed to be entitled to release but on which they remained incarcerated.  *See Herald v. Dretke*, No. Civ.A. V-04-68, 2005 WL 1653032, at *3 (S.D. Tex. July 7, 2005); *Gaona v. Dretke*, No. 2:02-CV-0027, 2004 WL 1175490, at *1 (N.D. Tex. May 27, 2004), *adopted by* 2004 WL 1515572 (N.D. Tex. July 6, 2004); *Harris v. Dretke*, No. 3:02-CV-1991-M, 2003 WL

4

22862685, at *2 (N.D. Tex. Dec. 3, 2003), *adopted by* 2004 WL 719149 (N.D. Tex. Mar. 9, 2004).[4]  Although the one year limitations period is to be measured from the date Turincio's calendar time served plus his good conduct credits earned equaled thirty years, how and when Petitioner accumulated good conductcredits coupled with calendar time which equaled thirty years is impossible to calculate from the record before the court.[5] In response to Petitioner's latter two state applications, the State argued that his applications were improper because Turincio had not first sought relief under the dispute resolution process within the prison system. *See Ex parte Turincio*, Appl. No. 25, 954-02 at 31-32, *Ex parte Turincio*, Appl. No. 25, 954-03 at 30-31.  Notwithstanding these procedural defects, the Texas Court of Criminal Appeals denied each on the merits.  *See Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

Section 2241(d)(1)(D) is an affirmative defense to consideration of the merits of a § 2254 petition and is not a jurisdictional requirement.  Because Respondent has not met his burden, his limitations defense should be denied, or in the alternative, for the reasons stated below which

---

[4] Respondent also argues that Turincio's "second or successive" habeas petition is barred under § 2244(b)(2) because the factual predicate for the claim could have been discovered previously through the exercise of due diligence and because Turincio neither relies on a new rule of constitutional law in his claim nor raises a claim of actual innocence.  However, Petitioner filed his first federal habeas petition on May 19, 1994, long before he could have qualified for early release, according to his calculation methods. (*See* Answer at Ex. A.) Consequently, Turincio could not have discovered the factual predicate for his claim until *after* he filed his first habeas petition.  Therefore this petition is not a second or successive petition under § 2244(b)(2).  *See*, *e.g.*, *James v. Walsh*, *supra*, 308 F.3d at 167-68.

[5] As an attachment to his article 11.07 application attacking the computation of his aggravated sexual assault conviction, Turincio attached a TDCJ-CID print-out dated December 22, 2004, reflecting total time credited at thirty-six years, six months and two days.  *See Ex parte Turincio*, Appl. No. 25, 954-02 at 27.  Of that total, twenty-one years, six months and twenty-two days consisted of good conduct and work time credits.  Although Respondent's answer includes a letter from Paul Wilder, a member of the TDCJ Classification Committee, the letter does not state the date on which Petitioner's calendar time and good conduct credits equaled thirty years, nor does it give any indication whether Turincio was advised that, notwithstanding the thirty year total time, he was not entitled to be released from custody.

establish that Turincio is not entitled to relief, the District Court should proceed to the merits of Petitioner's claims.[6]

## III.   Merits

Under the law applicable at the time Petitioner committed the offenses, a person convicted of aggravated kidnapping or aggravated sexual assault was not eligible for early release on mandatory supervision. Tex. Code Crim. Proc. Ann. art. 42.18, § 8(c) (West 1988 & 1990); *see also Ex parte Retzlaff*, 135 S.W.3d 45, 48 (Tex. Crim. App. 2004). Therefore, Petitioner does not raise a cognizable claim for federal habeas relief. Moreover, if Turincio's petition is interpreted to raise a claim that he had a constitutional right to be released on parole, this argument is equally without merit. *See Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995) (noting that prisoners in Texas possess no constitutional liberty interest in release on parole).

**RECOMMENDATION:**

---

[6] Under either alternative it is unnecessary to address whether Petitioner would be entitled to equitable tolling.

For the foregoing reasons, it is recommended that the district court deny the petition on the merits.

A copy of this recommendation shall be transmitted to Petitioner and to counsel for Respondent.

Signed this 13th day of March, 2006.

_____
Wm. F. Sanderson Jr.
United States Magistrate Judge

NOTICE
In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.